## CHAS. WARNER v. B. F. CROSBY.

### No. 2781.

**Trial by Jury—Jury Fee.**—If a jury be demanded in the County Court in time, and a jury fee paid, the subsequent transfer of the cause to the District Court on account of the disqualification of the county judge entitles the party who has thus demanded and paid the jury fee to trial by jury in the District Court.

APPEAL from Upshur. Tried below before Hon. Howard Templeton, Special District Judge.

The opinion states the case.

*Moore & Hart,* and *George D. Hart,* for appellant. —1. Either party to a civil suit is entitled to a trial by jury in the County Court by applying for the same on first day of the term of court and paying the sum of three dollars to the clerk of said court. The fact that this cause was lawfully placed upon the jury trial docket in the County Court prior to its transfer to the District Court is an admitted fact. Rev. Stats., arts. 3061, 3066; Allen v. Plummer, 71 Texas, 546, and authorities cited; 1 Ct. App. C. C., sec. 749.

2. After a cause of action is filed in the County Court, and the judge thereof is disqualified from trying the same from any cause at the time it is filed, or becomes disqualified subsequent to the filing of the cause, and the same is transferred to the District Court, then said court acquires jurisdiction by virtue of the disqualification of the county judge and the order of transfer, and takes the same subject to and is bound by all the orders, judgments, and decrees made in said cause during the time it was pending in the County Court and prior to the order transferring the same to the District Court. Rev. Stats., arts. 1139, 1180; Allen v. Plummer, 71 Texas, 546, and authorities.

3. The fact that the appellant had lawfully had his cause placed upon the jury trial docket in the County Court, and was laboring under the impression that that entitled him to a trial by jury in the District Court,

was a sufficient excuse for not demanding a jury on the first day of District Court when the docket was called for jury orders, and the court erred in not allowing him a jury when the case was called for trial. Hays .v. Hays, 66 Texas, 606; Hardin v. Blackshear, 60 Texas, 132; Berry v. .Railway, 60 Texas, 654; 63 Texas, 473.

*Peteet & Crosby*, for appellee. —1.   If a party to a civil suit fails to demand a jury on the first day during the term on which the docket is called for the purpose of granting applications for juries, he can not, as a matter of .right, afterwards demand that his case shall be tried by a jury.   Rev. Stats., arts. 3060, 3061, 3066; McFaddin v. Preston, 54 Texas, 403; Fields v. Crescent Ins. Co., 3 Ct. App. C. C., sec. 125.

2.   When a cause is transferred from the County Court to the District Court because of the disqualification of the county judge to try the same, a party can not, as a matter of right, demand that his case be tried by a jury, unless a demand is made therefor in the District Court on the first day of the term when the case is called for jury orders and a jury fee of five dollars is deposited with the clerk or an affidavit is filed in lieu thereof.   Rev. Stats., arts. 3060, 3061, 3066.

HOBBY, JUDGE.—This suit originated in the County Court of Upshur County, and was instituted by the appellee, B. F. Crosby, against Chas. Warner, the appellant, to recover the sum of two hundred and fifty dollars, etc., upon the allegations set forth in the petition, which are not necessary to be stated here in order that the question involved upon this appeal may be understood.   The relationship of the county judge to one of the parties resulted in a transfer of the cause, at the November Term, 1888, of the County Court, to the District Court of the county.

It further appears that on July 2, 1888, the second day of the term of the District Court, the case was tried by the judge, who rendered judgment for the plaintiff—appellee—for the amount sued for, from which this appeal is prosecuted upon assignments of error, as follows:

"First.   The court erred in denying the defendant—appellant—the right of trial by jury, for the reasons set forth in bill of exceptions No. 1."

The bill of exceptions referred to recites that the case was "called for trial on the second day of the term.   The plaintiff announced ready, and the appellant moved the court to place the same upon the jury trial docket, and that the cause be tried by a jury, it being an admitted fact that the defendant, prior to the transfer of the case from the County to the District Court, and at the proper time prescribed by law, applied for and paid the jury fee in the County Court, which entitled him to a trial by jury," to which plaintiff objected " because no jury had been demanded on the first day of the term of the District Court when the docket was

called for jury and other orders, and the attention of the court was not called to the fact that said jury fee had been paid in the County Court until the cause was called for trial, and no additional sum was tendered by the defendant, and the jury for the week had been on the first day of the term discharged until appearance day; and because the demand and payment of the jury fee in the County Court did not entitle defendant to a jury in this court."

The objections were sustained, and the court refused to place the cause on the jury docket.

The second error assigned is that "the cause having been properly brought in the County Court of Upshur County, and the defendant, while it was legally pending in said court, demanded and secured his right to a jury trial by a full compliance with the law giving him that right, no subsequent transfer of said cause to the District Court upon legal grounds could deprive him of said right, and the District Court erred in refusing the defendant the right of trial by jury."

Such is a statement of the case as presented in the record before us. We are of opinion that the assignments of error are well taken. The demand for a jury and the payment of the fee in the County Court at the proper time and in the sum prescribed by law, we think entitled the party making such demand and payment to a jury; and this right we do not think was impaired by the fact that a transfer of the cause was subsequently necessitated by reason of the disqualification of the county judge.

The payment of two distinct jury fees is expressly recognized by article 3066 of the Revised Statutes. One of $5 when the demand is made in the District Court, and one of $3 when made in the County Court. No contingency is provided for by law which permits the payment in the District Court of any sum less than $5 as a jury fee; hence the deposit of the sum of $2 by appellant in that court in addition to the $3 paid in the County Court, which it is claimed by appellee should have been done, would not have authorized the placing of the cause on the jury docket, because if any jury fee is deposited in the District Court it is required to be no less a sum than $5. The appellant's right to a trial by jury vested at the time of the payment of the fee of $3 in the County Court, and unless this right was defeated by a transfer of the cause under operation of law to the District Court, it followed the case to the latter tribunal. If the effect of the transfer was to destroy this right, then it follows that he would be required to pay a second fee for a jury in the District Court, which we do not think is contemplated by the statutes.

We are of opinion that the appellant was entitled to have his cause tried by a jury in the District Court, and because he was denied this right we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted December 3, 1889.